IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

JAMES A. NEYLAND,

    Plaintiff

    v.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY; and UNUM LIFE
INSURANCE COMPANY OF AMERICA,

    Defendant

Case No. 3:22-cv-00253-RJC-DCK

## AMENDED NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Unum Life Insurance Company of America ("Unum"), and Provident Life and Accident Insurance Company ("Provident"), both of whom together are sometimes referred to herein as "Defendants", hereby file this Notice of Removal of this case from the General Court of Justice, Civil Superior Court Division, Mecklenburg County, where it is currently pending, to the United States District Court, Western District of North Carolina. This case is removable pursuant to 28 U.S.C. § 1331, in that Plaintiff's claims, in whole or in part, arise under the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1001, *et. seq.*, thus supplying federal question jurisdiction. Moreover, this case is removable pursuant to 28 U.S.C. § 1332 as this is a civil action between parties of different states, in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

Defendants respectfully show the Court as follows:

1

1. Plaintiff instituted this civil action in the General Court of Justice, Civil Superior Court Division, Mecklenburg County on or about April 14, 2022.

2. Provident and Unum each received copies of the Complaint and Summons no sooner than May 4, 2022. Copies of the Summons and Complaint are attached collectively as Exhibit 1.

3. Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after receipt of the initial pleading on which the aforesaid action is based.

4. The United States District Court for the Western District of North Carolina is the federal judicial district embracing the General Court of Justice, Civil Superior Court Division, Mecklenburg County, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §§ 109 and 1441(a).

## FEDERAL QUESTION

5. Plaintiff's claims concern disability benefits under a disability plan established and maintained by Plaintiff's employer. Complaint ¶ 1. The Employee Retirement Income Security Act of 1974 ("ERISA") §3(1), 29 U.S.C. §1002(1) applies where, as here, benefits are provided under "a plan, fund, or program . . . established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of . . . accident, [or] death. . . ." 29 U.S.C. § 1002(1).

6. Plaintiff is claiming entitlement to ERISA-regulated benefits. ERISA preempts the state law claims alleged by Plaintiff and provides exclusive remedies for resolution of claims

by employee benefit plan participants and beneficiaries relating to an ERISA plan. *See* ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). Such claims are removable under 28 U.S.C. § 1441(b) as an action arising under federal law even when the ERISA-related nature of the action does not appear on the face of a complaint. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

7. Accordingly, this action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) in that Plaintiff's claims arise under an ERISA-governed benefit plan and Plaintiff's claims come within the scope of ERISA § 502(a), 29 U.S.C. § 1132(a).

8. Pursuant to 29 U.S.C. §§ 1132(e)(1) and (f) and 28 U.S.C. §§ 1331, 1441(b), the District Courts of the United States have original and/or exclusive jurisdiction over such claims without respect to the amount in controversy or the citizenship of the parties and may be removed to this Court.

## **DIVERSITY OF CITIZENSHIP**

9. As the following facts demonstrate, this is a civil action arising between citizens of different states and in which the matter in controversy as against Defendants exceeds the sum of $75,000, exclusive of interest and costs:

(a) When this action was commenced and on the date hereof, Plaintiff was, and is, a citizen of the State of North Carolina; (See Complaint ¶ 1)

(b) When this action was commenced, and on the date hereof, Defendant, Provident Life and Accident Insurance Company, was and is, a Delaware Corporation with a principal place of business in Tennessee, and Defendant Unum

3

Life Insurance Company, was and is, a Delaware corporation with a principal place of business in Maine;

(c) Therefore, this action involves a controversy wholly between citizens of different states. There is complete diversity of citizenship.

(d) Plaintiff in his complaint seeks damages exceeding $75,000. *See* Complaint at page 6, separately demanding damages in excess of $25,000 for breach of contract, damages is excess of $25,000 for unfair and deceptive trade practices, damages in excess of $25,000 for bad faith, plus treble damages and attorney fees. When Plaintiff's demand for treble damages and attorney's fees is considered, it is even clearer that Plaintiff is seeking in excess of $75,000, exclusive of interest and costs.

## **MISCELLANEOUS**

10. A copy of this Notice of Removal is being filed with the General Court of Justice, Civil Superior Court Division, Mecklenburg County as provided by law, and written notice is being sent to Plaintiff's counsel. A copy of the cover letter and Notice of Filing Notice of Removal are attached hereto as Exhibit 2.

11. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

12. The allegations of this Notice are true and correct and this cause is removable to the United States District Court for the Western District of North Carolina.

13. If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of its position that this cause is removable.

**WHEREFORE,** Defendants, by and through their counsel, and through the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the clerk of the General Court of Justice, Civil Superior Court Division, Mecklenburg County, effect the removal of said civil action to this Honorable Court.

Dated this the 3rd day of June, 2022.

Respectfully submitted,

/s/Vanessa N. Garrido
Vanessa N. Garrido, #53470
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
8529 Six Forks Road, Suite 600
Raleigh, NC 27615
Telephone: 919-787-9700
Facsimile: 919-783-9412
Email: vanessa.garrido@ogletree.com
*Attorneys for Defendants UNUM LIFE INSURANCE COMPANY OF AMERICA and PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **AMENDED NOTICE OF REMOVAL** was electronically filed with the Clerk of the Court, using the Court's CM/ECF electronic service system, which will give notice to the following:

>Bryan L. Tyson, NC Bar No. 32182
>Hannah Auckland, NC Bar No. 35953
>MARCELLINO & TYSON, PLLC
>2820 Selwyn Ave., Suite 350
>Charlotte, NC  28209
>bryan@yourncattorney.com
>hauckland@yourncattorney.com

Dated this the 3rd day of June, 2022.

>Respectfully submitted,
>
>/s/Vanessa N. Garrido
>Vanessa N. Garrido,  #53470
>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
>8529 Six Forks Road, Suite 600
>Raleigh, NC  27615
>Telephone:  919-787-9700
>Facsimile:  919-783-9412
>Email:  vanessa.garrido@ogletree.com
>*Attorneys for Defendants UNUM LIFE INSURANCE COMPANY OF AMERICA and PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY*